**SO ORDERED.**

**SIGNED this 13 day of June, 2008.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

For electronic publication; not for print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

MICHAEL L. COLLINS,

                      DEBTOR.

CASE NO. 07-20791
CHAPTER 7

**MEMORANDUM OPINION AND ORDER
FOLLOWING EVIDENTIARY HEARING ON TRUSTEE'S MOTION FOR
TURNOVER**

On May 21, 2008, an evidentiary hearing was held on the Chapter 7 Trustee's Motion for Turnover of $16,319.14 alleged to have been in Debtor's bank account on the date of filing.[1] The Chapter 7 Trustee, Carl R. Clark, appeared by Andrew Hennier. The Debtor, Michael L. Collins, appeared pro se. There were no other appearances. After hearing the Debtor's opening statement, receiving Debtor's testimony, and admitting Trustee's exhibit 2, the Court ruled that Debtor at the time of the hearing and on the date of filing was a resident of Kansas. The Court

---

[1] Doc. 37.

took the Trustee's motion for turnover under advisement. It is now ready to rule, and for the reasons stated below, holds the Trustee's motion shall be granted to the extent the funds were not exempt assets.

The Court makes the following findings of fact. Debtor filed for bankruptcy, pro se, under Chapter 7 on April 17, 2007. Debtor moved to Kansas in mid December 2005 from Michigan, where he had resided for 10 years. Debtor opened an account at a credit union in Johnson County on April 10, 2007, and on that date deposited $17,358.04 to the account. The deposit was payment of two month's salary as severance pay from Debtor's former employer. No other deposits were made to the account before April 17, 2007, the date of filing. Between April 10 and April 17, 2007, $1038.90 was withdrawn, so the balance on the date of filing was $16,319.14, the amount sought by the Trustee.

The Court finds that the balance in the account on the date of filing was property of the estate and the Trustee is entitled to turnover, to the extent that the funds are not exempt assets. The balance is not exempt based upon the Kansas exemption of wages[2] for two reasons. First, the Kansas "wage exemption" does not apply to wages after payment to the employee.[3] Second, Debtor is not entitled to claim Kansas exemptions.[4] Debtor lived in Kansas less than 720 days

---

[2] K.S.A. 60-2310.

[3] *E.g., In re Resler*, 282 B.R. 246 (Bankr. D. Kan. 2002) (holding that prepetition earnings deposited in debtors' bank account prior to debtors' filing were not exempt wages under Kansas law); *In re Adcock*, 264 B.R. 708 (D. Kan. 2000) (holding that Kansas statute which provides that 75% of wages earned by debtor will be exempt from garnishment applies only to wages before they are paid); and *In re Doughman*, 263 B.R. 905 (Bankr. D. Kan. 1999) (holding that balance in bank account on the date of filing representing wages earned prepetition has to be turned over to trustee absent showing they were exempt, and Kansas statute which exempts from wage garnishment an individual's "aggregate disposable earnings" applies only to wages before they are paid).

[4] 11 U.S.C. § 522(b)(3)(A).

2

prior to the date of filing, so under § 522(b)(3)(A) his exemptions are determined by the law of the jurisdiction where he lived during the 180 days before the 720 day period.

At this time the Court makes no finding as to what exemptions do apply, since that issue was not before the Court at the hearing. Although the evidence as to Debtor's residency may not be complete, the Court believes that Michigan law will control, that Michigan has not opted out,[5] and Debtor may therefore elect the federal exemptions. The Debtor has consistently claimed exemptions under federal law.[6] Although the Trustee's objections to Debtor's exemptions have been sustained,[7] there has been no determination whether Debtor's claim of federal exemptions law is correct. In this regard, the Court notes that although there is no federal exemption for wages, there is general exemption of $1,075, plus up to $10,125 of the unused portion of the homestead exemption,[8] which may be available to exempt a portion of the funds sought by the Trustee.

The Court therefore holds that the Trustee is entitled to turnover to the nonexempt portion of the $16,319.14 balance. Further proceedings will be necessary to determine whether what portion, if any, of the balance is exempt.

**IT IS SO ORDERED.**

###

---

[5] 14 *Collier on Bankruptcy* § MI.01 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2008).

[6] Debtor's Schedule C, Doc. 31 and Amended Schedule C, Doc.78.

[7] Docs. 74 and 108.

[8] 11 U.S.C. § 522(d)(5).